# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 NOV -3  P 4: 02
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ZACHARY WRIGHT | : | NO. CR205-019 |

### O R D E R

The federal government prosecuted Wright for copyright infringement, in violation of 17 U.S.C. 506(a). Wright is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia. Presently before the Court is Wright's motion for reconsideration of his sentence. Because the plea agreement and the facts of record support the sentence imposed, the motion will be **DENIED**.

### BACKGROUND

On May 19, 2005, Wright pleaded guilty to a Criminal Information charging that:

> Between on or about September 16, 2004, and until March 16, 2005, in Glynn County, in the Southern District of Georgia, the defendant, did willfully and

AO 72A
(Rev. 8/82)

for purposes of commercial advantage and private financial gain, infringe the copyrights of various sound recordings and motion pictures, to wit, Digital Video Disk (DVD) recordings of copyrighted music and copyrighted movies, in that the defendant, **ZACHARY WRIGHT**, did reproduce or distribute at least 1000 copies of said sound recordings and motion pictures, which have a total retail value of more than $200,000, in a 180-day period, without the authorization of the copyright holder, in violation of Title 17, United States Code, Section 506(a), and Title 18, United States Code, Section 2319(b)(1).

Dkt. No. 23 at 1.

The presentence report prepared by the Probation Office found that the adjusted offense level was twenty because Wright's infringement resulted in losses exceeding $200,000. See U.S. Sentencing Guidelines Manual § 2B5.3(b)(1)(B). After a three level reduction for acceptance of responsibility, Wright's total offense level was determined to be seventeen. With a criminal history category of one, a sentence of twenty-four months was recommended in the presentence report. This recommendation was consistent with the advisory sentencing guidelines.

On July 19, 2005, Wright came before the Court for sentencing, and a twenty-four month term of incarceration was imposed.

AO 72A
(Rev. 8/82)

**DISCUSSION**

Wright asserts that the Court should reconsider its sentence because it was imposed using an incorrect application of the sentencing guidelines. Wright argues that the plea agreement and the Information "clearly reveal" that he meant only to plead to reproducing and distributing 1,000 copies of pirated recordings. Wright asserts that he never meant to stipulate that he copied and distributed $200,000 worth of ill-gotten intellectual property.

Wright emphasizes the fact that $200,000 divided by 1,000 equals $200, an amount far in excess of the regular retail sales price of ordinary individual CDs and DVDs like the kind that he had been distributing. According to Wright, this error resulted in his sentence being grossly inflated. Wright maintains that 1,000 multiplied by a more reasonable valuation of the recordings ($10 to $30 a piece), would give him a maximum guideline range of no more than six months under the advisory guidelines.

Wright also contends that the Court should reconsider his sentence because he does not otherwise have a criminal record, and because prior to his incarceration, he was an entrepreneur in a black neighborhood, a devoted father, and an active

AO 72A
(Rev. 8/82)

churchgoer. Wright has also questioned his culpability for his misdeeds, asserting that he did not know that stealing intellectual property for commercial gain was a crime when he committed the instant offenses.

In opposing Wright's motion, the government emphasizes that the plea agreement, like the Information, states that Wright "reproduce[d] or distribute[d] <u>at least</u> 1000 copies of said sound recordings and motion pictures, which have a total retail value of more than $200,000, in a 180-day period. . . ." Dkt. No. 16 at 7 (emphasis added).

Moreover, F.B.I. Agent Mark Alig testified at the Rule 11 hearing that Wright had been selling illicit copies of CDs and DVDs for six months before a search warrant was executed on Wright's business in Brunswick, Georgia. The search warrant was executed on March 16, 2005. Alig testified that nearly 11,000 pirated materials were seized at Wright's Custom Wheels at that time. Alig also testified that Wright had sold pirated material that would have a retail value of approximately $200,000.

After Alig finished testifying, Wright agreed under oath that the agent's testimony was substantially true and correct.

4

Wright also stated that he had discussed his plea agreement with his lawyer, and that he had a sufficient opportunity to discuss his case with his lawyer.

Leaving aside Wright's delay in filing this motion,[1] the Court agrees with the Government's contention that the plea agreement and the facts of record provided an ample factual basis for the conclusion that Wright's crimes resulted in a loss amount in excess of $200,000. The Court need only make a reasonable estimate of the loss in a criminal case like this one. See U.S. Sentencing Guidelines Manual § 2B1.1 Commentary, Application Note 3 (B) & (C). The sentence imposed on Wright, which was at the bottom of the advisory guidelines range, was appropriate.

## CONCLUSION

For the reasons explained above, Wright's motion for reconsideration is **DENIED**. See Dkt. No. 22.

**SO ORDERED**, this 3rd day of November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."